**FILED**

JAMES J. VILT, JR. - CLERK

JUN 2 7 2025

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) Criminal Action No. 3:23-CR-062-CHB-01, |
| v. | ) 02 |
| | ) |
| BENJAMIN MARTINEZ[1], | ) |
| RODOLFO REYES MARTINEZ, | ) **JURY INSTRUCTIONS** |
| Defendants. | ) |
| | ) |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

### Introduction - 1.01

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that the defendants are accused of committing.

Then I will explain the defendants' positions.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

---

[1] Throughout this trial, Defendant Benjamin Martinez has been referred to as "Benjamin Quintero" or "Benjamin Quintero Martinez."

1

## INSTRUCTION NO. 1 - 1.02

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendants guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly and impartially. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases. You should not be influenced by stereotypes based on any person's age, race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.

## INSTRUCTION NO. 2 - 1.03

As you know, the defendants have pleaded not guilty to the crimes charged in the Superseding Indictment. The Superseding Indictment is not any evidence at all of guilt. It is just the formal way that the government tells a defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, a defendant starts the trial with a clean slate, with no evidence at all against him or her, and the law presumes that he is innocent. This presumption of innocence stays with the defendant unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendants have no obligation to present any evidence at all, or to prove to you in any way that they are innocent. It is up to the government to prove that the defendants are guilty, and this burden stays on the government from start to finish. You must find the defendants not guilty unless the government convinces you beyond a reasonable doubt that they are guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved a defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict for that defendant. If you are not convinced, say so by returning a

not guilty verdict for that defendant.

### INSTRUCTION NO. 3 - 1.04

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## INSTRUCTION NO. 6 - 1.07

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was

8

inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 9 - 1.09

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

**2.01**

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendants are accused of committing.

But before I do that, I want to emphasize that the defendants are only on trial for the particular crimes charged in the Superseding Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved these defendants guilty. Do not let the possible guilt of others influence your decision in any way.

## INSTRUCTION NO. 10 – 2.01C

The defendants have been charged with multiple crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. And in our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them. For each one, you must decide whether the government has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

Your decision on any one defendant or charge, whether it is guilty or not guilty, should not influence your decision on any of the other defendants or charges.

**INSTRUCTION NO. 11 – 14.01 - Count 1**

Count 1 of the Superseding Indictment charges both defendants with the crime of possession of a mixture and substance containing a detectable amount of fentanyl, methamphetamine, and a mixture and substance containing a detectable amount of cocaine with intent to distribute. Fentanyl, methamphetamine, and cocaine are controlled substances. For you to find the defendants guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, the defendant knowingly and intentionally possessed a mixture and substance containing a detectable amount of fentanyl, methamphetamine, or a mixture and substance containing a detectable amount of cocaine.

(B) Second, the defendant intended to distribute the mixture and substance containing a detectable amount of fentanyl, the methamphetamine, or the mixture and substance containing a detectable amount of cocaine.

Now I will give you more detailed instructions on some of these terms.

(A) The term "possession" means Actual or Constructive Possession as those terms are defined in Jury Instructions 12 and 13.

(B) To prove that the defendant "knowingly" possessed a mixture and substance containing a detectable amount of fentanyl, methamphetamine, or a mixture and substance containing a detectable amount of cocaine, the defendant did not have to know that the substance was a mixture and substance containing a detectable amount of fentanyl, methamphetamine, or a mixture and substance containing a detectable amount of cocaine. It is enough that the defendant knew that it was some kind of controlled substance. Further, the defendant did not have to know how much mixture and substance

containing a detectable amount of fentanyl, methamphetamine, or mixture and substance containing a detectable amount of cocaine he possessed. It is enough that the defendant knew that he possessed some quantity of a mixture and substance containing a detectable amount of fentanyl, methamphetamine, or a mixture and substance containing a detectable amount of cocaine.

(C) The phrase "intended to distribute" means the defendant intended to deliver or transfer a controlled substance sometime in the future. The term distribute includes the actual, constructive, or attempted transfer of a controlled substance. To distribute a controlled substance, there need not be an exchange of money.

In determining whether the defendant had the intent to distribute, you may consider all the facts and circumstances shown by the evidence, including the defendant's words and actions. Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone. You may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs. The law does not require you to draw such an inference, but you may draw it.

If you are convinced that the government has proved all of these elements as to a defendant, say so by returning a guilty verdict against that defendant on this charge. If you have a reasonable doubt about any one of these elements as to a defendant, then you must find that defendant not guilty of this charge.

## INSTRUCTION NO. 12 – 2.10

Next, I want to explain something about possession. The government does not necessarily have to prove that a defendant physically possessed a mixture and substance containing a detectable amount of fentanyl, methamphetamine, or a mixture and substance containing a detectable amount of cocaine for you to find that defendant guilty of this crime. The law recognizes two kinds of possession--actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that the defendant had direct, physical control over the mixture and substance containing a detectable amount of fentanyl, the methamphetamine, or the mixture and substance containing a detectable amount of cocaine, and knew that he had control of it.

To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the mixture and substance containing a detectable amount of fentanyl, the methamphetamine, or the mixture and substance containing a detectable amount of cocaine, and knew that he had this right, and that he intended to exercise physical control over the mixture and substance containing a detectable amount of fentanyl, the methamphetamine, or the mixture and substance containing a detectable amount of cocaine at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession. The government must prove that a defendant had actual or constructive possession of

17

the mixture and substance containing a detectable amount of fentanyl, the methamphetamine, or the mixture and substance containing a detectable amount of cocaine, and knew that he did, for you to find that defendant guilty of this crime. This, of course, is all for you to decide.

## INSTRUCTION NO. 13 – 2.11

One more thing about possession. The government does not have to prove that a defendant was the only one who had possession of the mixture and substance containing a detectable amount of fentanyl, the methamphetamine, or the mixture and substance containing a detectable amount of cocaine. Two or more people can together share actual or constructive possession over property. And if they do, both are considered to have possession as far as the law is concerned.

But remember that just being present with others who had possession is not enough to convict. The government must prove that a defendant had either actual or constructive possession of the mixture and substance containing a detectable amount of fentanyl, the methamphetamine, or the mixture and substance containing a detectable amount of cocaine, and knew that he did, for you to find that defendant guilty of this crime. This, again, is all for you to decide.

### INSTRUCTION NO. 14 – 4.01

For you to find the defendants guilty of Count 1, it is not necessary for you to find that the defendants personally committed the crime. You may also find a defendant guilty if he intentionally helped someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find a defendant guilty of Count 1 as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

> (A) First, that the crime of possession of a mixture and substance containing a detectable amount of fentanyl, methamphetamine, and a mixture and substance containing a detectable amount of cocaine with intent to distribute was committed.
>
> (B) Second, that the defendant helped to commit the crime.
>
> (C) And third, that the defendant intended to help commit the crime.

Proof that a defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

What the government must prove is that the defendant did something to help the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements as to a defendant, say so by returning a guilty verdict against that defendant on this charge. If you have a reasonable doubt about any one of these elements as to a defendant, then you cannot find that defendant guilty of Count 1 as an aider and abettor.

## INSTRUCTION NO. 15 – 14.07A

The defendants are charged in Count 1 of the Superseding Indictment with possession of a mixture and substance containing a detectable amount of fentanyl, methamphetamine, and a mixture and substance containing a detectable amount of cocaine. If you find the defendants guilty of this charge, then, with respect to the fentanyl and methamphetamine, you will be asked to determine the quantity of the controlled substances involved in the offense. You will be provided with special verdict forms for this purpose.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that the offense involved a quantity of at least 400 grams of a mixture and substance containing a detectable amount of fentanyl, then please indicate this finding by checking that line on the special verdict forms.

If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity. If you unanimously find that the government has proved beyond a reasonable doubt that the offense involved a quantity of at least 40 grams of a mixture and substance containing a detectable amount of fentanyl, then please indicate this finding by checking that line on the special verdict forms.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that the offense involved a quantity of at least 50 grams of methamphetamine, then please indicate this finding by checking that line on the special verdict forms.

If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity. If you unanimously find that the government has proved beyond a reasonable doubt that the offense involved a quantity of at least 5 grams of a methamphetamine, then please indicate this finding by checking that line on the special verdict forms.

In determining the quantity of the controlled substance involved in the offense, you need not find that the defendant knew the quantity involved in the offense.

You are not being asked to determine the quantity of cocaine.

**INSTRUCTION NO. 16 – 12.03 - Count 2**

Count 2 of the Superseding Indictment charges both defendants with violating federal law by possessing a firearm in furtherance of a drug trafficking crime. For you to find the defendants guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First: That the defendant committed the crime charged in Count 1.

Possession of a controlled substance with the intent to distribute is a drug trafficking crime which may be prosecuted in a court of the United States.

(B) Second: That the defendant knowingly possessed a firearm.

(C) Third: That the possession of the firearm was in furtherance of the crime charged in Count 1.

Now I will give you more detailed instructions on some of these terms.

(A) The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The firearm need not be loaded.

(B) The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

(C) The term "possession" means Actual or Constructive Possession as those terms are defined in Jury Instructions 17 and 18.

(D) The term "in furtherance of" means that the firearm was possessed to advance or promote the crime charged in Count 1. In deciding whether the firearm was possessed to advance or promote the crime charged in Count 1, you may consider these factors: (1) whether the firearm was strategically located so that it was quickly and easily available for use; (2) whether the firearm was loaded; (3) the type of weapon; (4)

whether possession of the firearm was legal; (5) the type of drug trafficking crime; and (6) the time and circumstances under which the firearm was found. This list is not exhaustive.

The government need not prove that a particular firearm was possessed in furtherance of the drug trafficking crime.

If you are convinced that the government has proved all of these elements as to a defendant, say so by returning a guilty verdict on this charge as to that defendant. If you have a reasonable doubt about any of these elements as to a defendant, then you must find that defendant not guilty of this charge.

### INSTRUCTION NO. 17 - 2.10

Next, I want to explain something about possession. The government does not necessarily have to prove that a defendant physically possessed a firearm for you to find that defendant guilty of this crime. The law recognizes two kinds of possession--actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it.

To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the firearm, and knew that he had this right, and that he intended to exercise physical control over the firearm at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession. The government must prove that a defendant had actual or constructive possession of the firearm, and knew that he did, for you to find that defendant guilty of this crime. This, of course, is all for you to decide.

**INSTRUCTION NO. 18 – 2.11**

One more thing about possession. The government does not have to prove that a defendant was the only one who had possession of the firearm. Two or more people can together share actual or constructive possession over property. And if they do, both are considered to have possession as far as the law is concerned.

But remember that just being present with others who had possession is not enough to convict. The government must prove that a defendant had either actual or constructive possession of the firearm, and knew that he did, for you to find that defendant guilty of this crime. This, again, is all for you to decide.

### INSTRUCTION NO. 19 – 12.05

For you to find the defendants guilty of possessing a firearm in furtherance of a drug trafficking crime, it is not necessary for you to find that the defendants personally committed the crime. You may also find a defendant guilty if he intentionally helped someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find a defendant guilty of possessing a firearm in furtherance of a drug trafficking crime as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, that the crime of possessing a firearm in furtherance of a drug trafficking crime was committed.

(B) Second, that the defendant helped to commit the crime of possessing a firearm in furtherance of a drug trafficking crime.

(C) And third, that the defendant intended to help commit the crime of possessing a firearm in furtherance of a drug trafficking crime. The defendant intended to aid and abet the crime of possessing a firearm in furtherance of a drug trafficking crime if he had advance knowledge that an accomplice would possess a firearm during the commission of a drug trafficking crime. Advance knowledge means knowledge at a time the defendant can attempt to alter the plan or withdraw from the enterprise. Knowledge of the firearm may, but does not have to, exist before the underlying crime is begun.

If you are convinced that the government has proved all of these elements as to a defendant, say so by returning a guilty verdict against that defendant on this charge. If you have a reasonable doubt about any one of these elements as to a defendant, then you cannot find that

defendant guilty of possessing a firearm in furtherance of a drug trafficking crime as an aider and abettor.

**INSTRUCTION NO. 20 – 2.04**

Next, I want to say a word about the date mentioned in the Superseding Indictment.

The Superseding Indictment charges that Count 1 and 2 occurred "on or about December 22, 2022." The government does not have to prove that each crime happened on that exact date. But the government must prove that each crime happened reasonably close to that date.

## INSTRUCTION NO. 21 – 2.08

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

### INSTRUCTION NO. 22 – 2.12

Although the Superseding Indictment charges that a statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged. Of course, this must be proved beyond a reasonable doubt.

### INSTRUCTION NO. 23 – 6.01

That concludes the part of my instructions explaining the elements of the crimes.  Next I will explain the defendants' positions.

Defendant Benjamin Quintero Martinez says that he is not guilty of possession with intent to distribute and of possession of a firearm in furtherance of a drug trafficking crime.

Defendant Rodolfo Reyes Martinez admits to possession of drugs and denies the intent to distribute.

### 7.01

That concludes the part of my instructions explaining the elements of the crimes and the defendants' positions.  Next I will explain some rules that you must use in considering some of the testimony and evidence.

## INSTRUCTION NO. 24 - 7.02A

A defendant has an absolute right not to testify or present evidence. The fact that both defendants did not testify or that Defendant Benjamin Quintero Martinez did not present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendants guilty beyond a reasonable doubt. It is not up to the defendants to prove that they are innocent.

**INSTRUCTION NO. 25 - 7.03**

You have heard the testimony of DEA Chemists Rebecca Wang, Lauren Munoz, Brian Makela, Elizabeth Adkins, Erika Derks, Shannon Cassatt, and Brittany Harper, who testified as opinion witnesses.

You do not have to accept these witnesses' opinions.  In deciding how much weight to give them, you should consider a witness's qualifications and how he or she reached his or her conclusions.  Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## INSTRUCTION NO. 26 - 7.03A

You have heard the testimony of Special Agent Joseph Hicks and Detective Youssef Mattiche, who testified to both facts and opinions.  Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept these witnesses' opinions.  In deciding how much weight to give them, you should consider a witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**INSTRUCTION NO. 27 - 7.04**

You have heard the testimony of Helen Hardin.  You have also heard that before this trial she made a statement concerning the cash she had in her purse that may be different from her testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable her testimony was.  You cannot use it as proof of anything else.  You can only use it as one way of evaluating her testimony here in court.

### INSTRUCTION NO. 28 - 7.05B

You have heard the testimony of Helen Hardin.  You have also heard that before this trial she was convicted of crimes.

These earlier convictions were brought to your attention only as one way of helping you decide how believable her testimony was.  Do not use them for any other purpose.  They are not evidence of anything else.

## INSTRUCTION NO. 29

The evidence of the existence of an arrest warrant for Rodolfo Reyes Martinez is
background information about how the investigation began. This is not evidence that the
defendant committed any crimes. I want you to keep that in mind. Again, this is only background
evidence about what started the investigation. You shall not use that as evidence against this
defendant in any way.

**8.01**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the court security officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the court security officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

If you want to see any of the physical exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

## INSTRUCTION NO. 30 – 8.02

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**INSTRUCTION NO. 31 – 8.03**

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find a defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find a defendant not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

### INSTRUCTION NO. 32 – 8.04

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendants guilty beyond a reasonable doubt.

**INSTRUCTION NO. 33 – 8.05**

If you decide that the government has proved the defendants guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendants guilty beyond a reasonable doubt.

**INSTRUCTION NO. 34 – 8.06**

I have prepared verdict forms that you should use to record your verdict.

If you decide that the government has proved the charges against the defendants beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the forms.  If you decide that the government has not proved a charge against the defendants beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the forms. Your foreperson should then sign the forms, put the date on them, and return them to me.

**INSTRUCTION NO. 35 – 8.08**

Remember that the defendants are only on trial for the particular crimes charged in the Superseding Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also remember that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved these defendants guilty.  Do not let the possible guilt of others influence your decision in any way.

**INSTRUCTION NO. 36 – 8.09**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendants guilty beyond a reasonable doubt.

## INSTRUCTION NO. 37 – 8.10

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.